Mr. Justice Moore
delivered the opinion of the Court.
Defendants in error will be referred to as the plaintiffs.
Plaintiffs in error, hereinafter referred to as the defendants, are before this court seeking reversal of a judgment entered against them by the district court of Jefferson county for the sum of $682 due the plaintiffs for materials used and labor performed in the installation of a concrete foundation. The defendants are husband and wife and the latter held the fee title to certain real estate, a portion of which was condemned for highway purposes. There was a building standing on the real estate in such a location that its removal or destruction was necessary for the contemplated highway. The defendants elected to remove it and authorized one Keith Rehfeld to cause a foundation to be built, upon which the building was to be placed, in another area of the real estate which had been retained by the defendants. Rehfeld was employed by the Rehfeld House Movers, Inc., and undertook to move the building and place it on the new foundation. Plaintiffs were authorized by Rehfeld to install the foundation, and the defendant Anthony Ciocchetti approved the bid of $682 for the job. Plaintiffs completed the work in all respects pursuant to specific instructions as to location as outlined by the defendant Anthony Ciocchetti and those authorized to act in the premises.
There was evidence that Rehfeld indicated to the defendant Anthony Ciocchetti that the foundation as laid *247 out by him would place the building too close to the property line. A witness for the plaintiffs testified that he recommended that the foundation should be placed in such a manner that the house would face to the north. Referring to this conversation with the defendant Anthony Ciocchetti, the witness testified as follows:
“Q. Did you tell him why you would face it north, instead of west?
“A. Yes. He was putting the back end of the house too close to the property line, and if he had faced it north he would have had plenty of room on the sides and ends, both.
“Q. Did you tell Mr. Ciocchetti this?
“A. Yes, I did.
“Q. And what did Mr. Ciocchetti say to you about where [the] house was going to be placed?
“A. Well, he wanted it facing west, and, so, that’s what he did.
“Q. Did he say anything to you about the subject on the building permit in explanation of this closeness of the property line?
“A. No, he did say he would take care of it later.
“Q. The building permit?
“A. Yes.
“Q. And did he say anything after you had talked to him about the closeness to the property line?
“A. I told him they wouldn’t go along with it, and he said they would.”
After the foundation was in place and the house had been moved, the county authorities ordered a cessation of the work connected therewith for the reason that no permit had been issued authorizing it, and that the contemplated building was out of conformity with pertinent provisions of the building code. Mr. Ciocchetti thereafter filed an application for variance before the Board of Adjustment seeking a waiver of the “setback” requirement, which application was denied. Thereupon he refused to pay for the installation of the foundation, and *248 this suit was filed. The reason assigned for the nonpayment was that:
“* * * the foundations have no value to me. If it was put in the proper place to start with, none of this would have come about, and we could have had the house on it and everything would have been in proper shape. It was not put in the proper place.”
The only points contained in the Summary of Argument upon which counsel for defendants relies for reversal are as follows:
“1. That the Court erred in denying Defendants’ Motion for a Directed Verdict, at the close of Plaintiffs’ case and at the conclusion of the case.
“2. That the Court erred in giving Plaintiffs’ tendered instructions:
“ ‘The Court instructs the Jury that it shall disregard the Building Permit required in this case, and decide the case as though no Building Permit was required.’ ”
 It is sufficient to say that there was ample evidence to sustain the claim of the plaintiffs, and the court did not err in denying the motion for a directed verdict. Under the evidence shown by the record in this case, no error was committed by the trial court in giving the instruction to which objection was made.
We find no error in the record before us and the judgment accordingly is affirmed.